Pfeifer, J.,
dissenting.
{¶ 26} After reviewing the record in this case, I find that the Eighth District Court of Appeals, sitting en banc, got it right. It concluded that other-acts testimony against Van Williams had been offered for the express purpose of proving the bad character of the defendant in order to demonstrate that his conduct with regard to J.H. was in conformity with his prior bad acts.
{¶ 27} The court of appeals also stated:
There is no doubt that A.B.’s [other-acts] testimony coupled with the social worker’s statements unfairly prejudiced Williams. * * * [Because] no physical evidence of sexual abuse was found[,] [t]he case essentially hinged on the credibility of the witnesses. In cases such as these, there is a real risk that a jury will believe that if Williams did it once, he must have done it again. That is the danger cautioned of and protected against by Evid.R. 403 and 404. Therefore, the trial court erred in finding that the probative value of A.B.’s testimony outweighed any prejudicial effect.
State v. Williams, 195 Ohio App.3d 807, 2011-Ohio-5650, 961 N.E.2d 1200 (8th Dist., en banc), ¶ 64.
{¶ 28} The majority opinion only cursorily addresses whether the other-acts testimony unfairly prejudiced Williams, even though that is an essential part of an other-acts analysis. Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). I find a clear violation of Evid.R. 404(B) and would therefore affirm the judgment of the court of appeals. I dissent.